IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII | ) ) ) | CIVIL NO. 08-00255 SOM-KSC |
| Plaintiff, | ) ) ) | REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' |
| vs. | ) ) | FEES BE GRANTED |
| KAREN I., in her capacity as parent and legal guardian of Marcus I., | ) ) ) ) | |
| Defendant. | ) ) | |

I.      INTRODUCTION

        Marcus I., through his mother Karen I., asks this Court to award him the attorneys' fees he incurred pursuing his claims under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 to 1487 ("IDEA"), in an administrative proceeding and related appeals.  Because Marcus prevailed in the administrative proceeding, the Court recommends that the district court award Marcus the reasonable attorneys' fees he incurred in that proceeding.  The Court directs Marcus to submit a supplemental declaration detailing only the time his counsel spent addressing the administrative proceeding.

II.     BACKGROUND

        The events and proceedings leading to this motion are described in great detail in Dep't of Educ. v. Karen I., No. 08-00255 SOM/KSC, 2009 U.S. Dist. LEXIS 30865 (D. Haw. Apr. 10,

2009).  The Court assumes familiarity with this order and limits its discussion to the facts relevant to this motion.

In August 2006, Marcus's parents filed a request for a due process hearing.  They sought an order requiring the Department of Education ("Department") to pay for Marcus's residential placement and provide transportation for him between his residential placement and his educational placement.  His parents filed a second request for a due process hearing with the Department the following month.  In this request, they contended that the Department refused to do the following: (1) determine appropriate services related to his educational placement, (2) include a residential placement in Marcus's Individualized Education Program ("IEP"), (3) provide transportation for Marcus to and from his educational placement with an individual aide, and (4) include family visits in his IEP.  Marcus's parents also requested that a complex area superintendent send them a letter of apology and asked the hearing officer to remove several individuals from their son's case.

These hearing requests were consolidated for hearing by agreement of the parties.  Marcus's parents moved for summary judgment in the consolidated proceeding on the issue of whether the Department was responsible for his residential placement, while the Department moved to dismiss the consolidated proceeding.  On November 21, 2006, the assigned hearing officer

granted Marcus summary judgment and ordered the Department to pay the residential component of his educational program. The hearing officer also granted in part and denied in part the Department's motion to dismiss. The officer dismissed Marcus's requests that he remove selected people from his case and order the complex area superintendent to send him a letter of apology.

The Department appealed the hearing officer's decision to state court. The Department argued that the hearing officer improperly found that the Department was responsible for Marcus's residential placement. Judge Eden Elizabeth Hifo heard the parties' arguments and orally reversed the hearing officer's decision on May 16, 2007. She filed a written order memorializing her decision on September 11, 2007.

The Department again moved to dismiss the proceedings on January 4, 2008; the motion was heard on January 8, 2008. The hearing officer continued the hearing to allow Marcus to obtain clarification of Judge Hifo's order. Marcus moved for clarification on February 1, 2008, and on April 9, 2008, Judge Hifo orally clarified that she intended the Department to prevail as a matter of law.

Two days later, the hearing officer issued his decision. Apparently unaware of Judge Hifo's clarification, the hearing officer stated that the question of whether the Department is responsible for the residential component of

Marcus's education was unresolved.  The hearing officer then found that the Department was financially responsible for the residential component of Marcus's IEP of September 8, 2006.  The officer also found that (1) the Department failed to provide Marcus a free and appropriate education because his prior IEPs did not provide for visitation and (2) Marcus's private school placement for the 2006-2007 school year was appropriate.  The hearing officer ordered the Department to provide for visitation in Marcus's next IEP.  The officer also granted Marcus reimbursement for the costs of placement at the current private school for the 2006-2007 school year, including transportation with an individual aide and other related services.

On May 9, 2009, the Department again appealed the hearing officer's decision to state court.  Marcus removed the appeal to this Court on May 30, 2008.  On April 10, 2009, United States District Judge Susan Oki Mollway reversed the hearing officer and found that the Department is not financially responsible for Marcus's residential placement during the 2006-2007 school year.

III.     DISCUSSION

    A.    Entitlement to Attorneys' Fees

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."

20 U.S.C. § 1415(i)(3)(B).  In the context of IDEA, the Ninth Circuit has adopted the definition of "prevailing party" set out by the Supreme Court in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598 (2001).  See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 865 (9th Cir. 2004) ("We therefore conclude that *Buckhannon*'s definition of 'prevailing party' applies to the IDEA's attorney's fees provision, 20 U.S.C. § 1415(i)(3)(B).").  After the Buckhannon decision, to be considered a prevailing party "a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned."  Id. (quoting Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003)) (internal quotation marks omitted).

A party need not succeed on all issues or even on what may be considered the "central" issue of the case.  Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1035-36 (9th Cir. 2006).  However, "a plaintiff is not the prevailing party if his or her success is purely technical or de minimis."  Shapiro, 374 F.3d at 865.  In sum, "[a] prevailing party is one who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit. The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought."

5

Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (internal quotation marks and citations omitted).

The Department argues that Marcus cannot be considered the prevailing party because on appeal he lost what the Department considers the "major issue" in the consolidated hearings: whether the Department was responsible for the cost of Marcus's residential placement. The Court agrees that Marcus was not the prevailing party in any of the appeals in this action. But the Court finds that Marcus was the prevailing party in the administrative proceeding.

As noted above, to be considered the prevailing party in the administrative proceeding, Marcus need not have prevailed on every issue that he raised or on the central issue in the proceeding. Rather, he must have prevailed on any significant issue. The hearing officer found that the Department failed to provide Marcus with a free appropriate public education because Marcus's previous IEPs did not provide for visitation. This is a significant issue. The determination that Marcus was denied a free appropriate public education "go[es] to the very essence of the Individuals with Disabilities Education Act." Park , 464 F.3d at 1036-37. "The determination by the Hearing Officer . . . that [the student] was denied a free and appropriate public education . . . - even setting aside the other issues on which [the student] prevailed - is the most significant of successes

possible under the Individuals with Disabilities Education Act." Id. at 1036.

The Ninth Circuit has suggested that this determination alone is sufficient for this Court to find that Marcus is the prevailing party in the administrative proceeding. See Park, 464 F.3d at 1036; Parent V.S. v. Los Gatos-Saratoga Joint Union High Sch. Dist, 484 F.3d 1230, 1234 n.3 (9th Cir. 2007) (stating that a determination that a student was denied a free appropriate public education may alone entitle the student to prevailing party status). But this was not Marcus's only success in the administrative proceeding. The hearing officer also granted Marcus reimbursement for the costs of placement at his current private school for the 2006-2007 school year and ordered the Department to provide for appropriate visitation in his next IEP. The hearing officer's decision altered the parties' legal relationship, as the Department is now required to do something that it was not otherwise required to do. Accordingly, the Court finds that Marcus was the prevailing party in the administrative appeals.

   B.   Calculation of Reasonable Attorneys' Fees

In IDEA cases, an award of reasonable attorneys' fees is governed by the standards set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983), and its progeny. Aquirre v. L.A. Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006). Thus, when

determining an award of reasonable attorneys' fees, the Court must calculate the lodestar amount, which is the product of "the number of hours reasonably expended on the litigation" and "a reasonable hourly rate." Hensley, 461 U.S. at 433.  Then the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), that have not already been subsumed in the lodestar calculation. Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

The Kerr court articulated the following factors that a court must consider when determining an award of reasonable attorneys' fees:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d 70.  The following Kerr factors have been subsumed in the lodestar calculation: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results

8

obtained and (5) the contingent nature of the fee agreement." Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (internal citations and quotation marks omitted). Once calculated, the lodestar is presumptively reasonable. See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

    1. Hours Reasonably Expended

    A prevailing party seeking attorneys' fees bears the burden of proving that the fees taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)). This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or

otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

The Department argues that the time Marcus spent on the appeals in this case should not be included in the Court's attorneys' fees award.  As the Court finds that Marcus was not the prevailing party in these appeals, the Court agrees.

Regarding the time spent handling the administrative proceeding, the Department argues, among other things, that Marcus's counsel spent most of his time addressing whether the Department was financially responsible for Marcus's residential placement and objects to being billed for this time.  The Department essentially asks the Court to adjust the fee award to account for what the Department believes is Marcus's limited success in the administrative proceeding.

In Hensley, the Supreme Court set forth a two-stop process for determining whether a deduction for "limited success" is warranted.  First, the Court must consider whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded."  Hensley, 461 U.S. at 434.  Second, the Court must determine if "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."  Id.

Claims are related if they "involve a common core of facts or are based on related legal theories."  Id. at 435;

Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir. 2005).  If successful and unsuccessful claims are related, the moving party should recover reasonable fees for prosecuting those claims. Thomas, F.3d at 649.  "However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims." Id.

        The Court finds that Marcus's claims are related.  His claims arise from the same set of facts and are based on the same underlying legal theory, namely that the Department denied Marcus a free appropriate education by failing to provide services related to his educational placement.  The Court also finds that Marcus achieved a level of success in the administrative hearing that makes the hours reasonably expended a satisfactory basis for making a fee award.  The hearing officer not only determined that Marcus was denied a free appropriate public education, but also granted him reimbursement for the costs of the placement at his private school and ordered the Department to provide for appropriate visitation in his next IEP.  Accordingly, the Court recommends that the district court grant Marcus the attorneys' fees he incurred that are related to the administrative proceeding.

Marcus's counsel submitted a billing statement that includes time spent on matters unrelated to the administrative proceeding.  Because the Court finds that Marcus prevailed only in the administrative proceeding, the Court finds that an award of his reasonable attorneys' fees should not include time spent addressing other matters such as the appeals of the administrative proceeding.  Accordingly, Marcus is directed to submit a supplemental declaration detailing only the time his counsel spent handling the administrative proceeding.

IV.     CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Motion for Award of Attorneys' Fees be GRANTED.  Plaintiff is to submit a supplemental declaration that lists only the time Plaintiff spent handling the administrative proceeding.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 1, 2009.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 08-00255 SOM-KSC; DEPARTMENT OF EDUCATION, STATE OF HAWAII V. KAREN I.; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES BE GRANTED