```
            IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

DEPARTMENT OF EDUCATION,      )    CIVIL NO. 08-00255 SOM/KSC
STATE OF HAWAII,              )
                              )
             Plaintiff,       )    ORDER VACATING REPORT OF
                              )    SPECIAL MASTER; ORDER DENYING
        vs.                   )    MOTION FOR ATTORNEYS' FEES
                              )
KAREN I., in her capacity as  )
parent and legal guardian of  )
MARCUS I.,                    )
                              )
             Defendants.      )
_____ )
```

ORDER VACATING REPORT OF SPECIAL MASTER;
ORDER DENYING MOTION FOR ATTORNEYS' FEES

I.      INTRODUCTION.

This case is before this court on objections to a Report of Special Master ("Report") recommending that Marcus and Karen I. (collectively, "Marcus") be awarded attorneys' fees incurred pursuing claims under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 to 1487 ("IDEA"), in an administrative proceeding and related appeals.  Because Marcus has failed to submit the required written statement of consultation pursuant to Rule 54.3(b) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), and because Marcus has also failed to submit sufficient documentation to support the amount of fees requested as required by Local Rule 54.3(d), the Report is vacated and the motion for attorneys' fees is denied without prejudice.  Marcus is given leave to file a renewed motion for

attorneys' fees that complies with the Local Rules and addresses the court's concerns described below no later than August 10, 2009.

Any renewed motion for attorneys' fees must discuss several matters. First, Marcus must discuss whether he is a "prevailing party." This means that Marcus should discuss whether he can be considered the "prevailing party" notwithstanding this court's determination that Judge Eden E. Hifo's earlier order precluded the relitigation of the issue of financial responsibility for Marcus's residential placement. The court notes that the judgment entered by Judge Hifo stated that "all other claims, counterclaims, or cross-claims are dismissed without prejudice." The court therefore questions whether Marcus should have pursued a second order by the administrative hearings officer. Marcus should discuss whether he can be considered the "prevailing party" when it may be that the hearing officer's second order should not have been entered at all.

Second, any amended motion for attorneys' fees must discuss whether the hearing officer's second order had the necessary "judicial imprimatur" required by <u>Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources</u>, 532 U.S. 598, 605 (2001), to sustain an award of fees.

Third, Marcus must discuss the impact of the settlement of the visitation issue after the hearing officer made his second

decision. Marcus should submit a copy of the settlement agreement, if any, and discuss whether the settlement agreement contained any discussion of attorneys' fees.

If Marcus chooses to renew his motion for attorneys' fees, the motion will be decided in two parts. The Special Master assigned to this case shall initially issue a report addressing only whether Marcus is the prevailing party, whether <u>Buckhannon</u> is satisfied, and how the settlement of the visitation issue affects the fee analysis. This court expresses no opinion as to how the Special Master should rule on these matters but directs the Special Master to reexamine them unconstrained by his earlier determination. This district judge will review the report, whether objected to or not. The amount of any fee award need not be calculated unless it is determined that Marcus is the prevailing party and satisfies all legal requirements for recovering fees.

Notwithstanding the bifurcated manner of the court's ruling, Marcus shall submit a detailed description of the fees he incurred as required by the Local Rules at the same time he files any renewed motion for attorneys' fees.

II.     BACKGROUND.

The parties are well aware of the facts of this case. In relevant part, Marcus filed two requests for due process hearings. The hearing officer ruled that the Department of

Education ("DOE") was financially responsible for Marcus's residential placement. Although the hearings officer had not ruled on every issue, the parties took an appeal of the residential placement issue to Judge Hifo in state court. Judge Hifo ultimately ruled in favor of the DOE on the residential placement issue and entered a judgment stating that "all other claims, counterclaims, or cross-claims are dismissed without prejudice." After the judgment was entered, the hearings officer entered his second order, ruling in favor of Marcus on the residential placement, visitation, and other smaller issues. This matter was appealed to this court, which concluded that the hearing officer's second order had not given proper effect to Judge Hifo's determination that the DOE was not financially responsible for Marcus's residential placement. Marcus has now moved for his fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

III.     ANALYSIS.

Pursuant to Local Rule 54.3(b), a court "will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel shall first advise the court in writing that, after consultation, or good faith efforts to consult, the parties are unable to reach an agreement . . . ." Marcus has failed to submit the required written statement of consultation. At best, Marcus sent a letter to Jerrold Yashiro and Holly Shikada, counsel for the DOE, declaring that he is

4

"still the prevailing party" and demanding attorneys' fees in the amount of $57,232.  <u>See</u> Defendant's Nonhearing Motion for Award of Attorney's Fees Exhibit C.  The letter states, "If I do not hear from your office by Wednesday, April 22nd, I will assume that you are rejecting my demand."  <u>Id.</u>  This letter is insufficient to comply with Local Rule 54.3(b).  A letter demanding fees, without more, is not a "good faith effort" at consultation.  Further, Local Rule 54.3 requires the moving party to initiate consultation *after* filing the motion for attorneys' fees, not before, as Marcus did in this case.  Because Marcus has failed to comply with the consultation requirement, the court vacates the Special Master's Report and denies the motion for attorneys' fees without prejudice.

The court additionally notes that Local Rule 54.3(d) requires the moving party to submit a memorandum in support of its claim for fees.  In any renewed motion for attorneys' fees, Marcus shall comply with the rule's requirements.  In his Attorney Time Record submitted in support of the current motion, Marcus simply gives a general description of the work performed.  <u>See</u> Defendant's Nonhearing Motion for Award of Attorney's Fees Exhibit A.  He describes his activities as "research client file for issues for due process hearing" and "research law in Plaintiff's brief."  <u>Id.</u>  These general descriptions will not suffice, as Local Rule 54.3(d) requires "identification of the specific issue researched."  Without proper documentation, this

5

court cannot evaluate the reasonableness of the requested fees. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

Any renewed motion for attorneys' fees must include a discussion of whether Marcus is the "prevailing party" notwithstanding this court's determination that Judge Hifo's earlier order precluded the relitigation of the issue of financial responsibility for Marcus' residential placement. Any renewed motion must discuss the effect, if any, of the judgment stating that "all other claims, counterclaims, or cross-claims are dismissed without prejudice," and the appropriateness of Marcus's pursuit of a second order by the administrative hearings officer in light of the judgment.

Any renewed motion for attorneys' fees must also discuss whether the hearing officer's second order had the "judicial imprimatur" required by Buckhannon, 532 U.S. at 605, and P.N. v. Seattle School District, No. 1, 474 F.3d 1165 (9th Cir. 2007). Earlier Ninth Circuit cases allowed attorneys' fee awards to parents who had prevailed at administrative hearings or reached favorable settlements prior to scheduled administrative hearings. See Lucht v. Molalla River Sch. Dist., 225 F.3d 1023, 1026 (9th Cir. 2000); Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68, 70 (9th Cir. 1996). However, those cases predated Buckhannon. In Buckhannon, the Supreme Court held that a prevailing party must have obtained a judicially sanctioned

change in the legal relationship of the parties.  After Buckhannon, the Ninth Circuit has not revisited the issue of whether a ruling by an administrative hearing officer satisfies the judicial imprimatur requirement.

A number of Ninth Circuit cases discussing Buckhannon have emphasized that a party must receive relief from a court to be considered prevailing.  See Citizens for Better Forestry v. U.S. Dep't of Agric., 567 F.3d 1128, 1134 (9th Cir. 2009) ("Relief from the court in some formal fashion is required."); Labotest, Inc. v. Bonta, 297 F.3d 892, 895 (9th Cir. 2002) ("[R]ecovery of attorney's fees requires a 'court-ordered change in the legal relationship between' the parties.").  Other circuits, however, have held that a winning party in an IDEA administrative proceeding is a "prevailing party" under Buckhannon's principles.  See A.R. v. New York City Dep't of Educ., 407 F.3d 65, 76 (2nd Cir. 2005) ("[T]he combination of administrative imprimatur, the change in the legal relationship of the parties arising from it, and subsequent judicial enforceability, render such a winning party a 'prevailing party' under Buckhannon."); T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 479 (7th Cir. 2003) (finding that the IDEA's fee-shifting provision allows courts to grant attorneys' fees to parents who prevail in an administrative hearing).

In any renewed motion for attorneys' fees, Marcus shall also discuss the impact of the settlement of the visitation issue on whether Marcus may recover attorneys' fees. Marcus shall submit a copy of any applicable settlement agreement and discuss whether the settlement agreement contained any discussion of attorneys' fees.

Although this court expresses no opinion as to whether Marcus is entitled an award of attorneys' fees, this court notes that, in any calculation of fees, time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. See Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-34). Under Hensley, even if this court were to determine that Marcus was the prevailing party because he prevailed on the narrow issue of visitation, this court must examine whether Marcus unreasonably protracted the litigation pertaining to residential placement. This court expresses no opinion as to whether it should limit fees to the issue(s) on which Marcus actually prevailed, leaving that determination to be made by the Special Master if it is determined that Marcus is the prevailing party. Id.; see also 20 U.S.C. § 1415 (i)(3)(F)(i) (allowing the amount of attorneys' fees to be reduced "whenever the court finds that the parent, or the parent's attorney, during the course of the action or

proceeding, unreasonably protracted the final resolution of the controversy").

IV.     CONCLUSION.

The court VACATES the Report of Special Master recommending that Marcus's motion for award of attorneys' fees be granted.  Marcus's motion for attorneys' fees is denied without prejudice because he did not comply with the Local Rules that require a statement of consultation and a detailed memorandum in support of the claim for fees.  Marcus is given leave to file a renewed motion for attorneys' fees no later than August 10, 2009.

To summarize, Marcus may submit a renewed motion addressing both entitlement to and amount of fees.  That is, any such renewed motion must comply with the applicable Local Rules and must address the issues raised in this order.  The Special Master shall issue a report confined to the entitlement issue.  This district judge shall review that report, whether objected to or not.  If this district judge rules that Marcus is entitled to fees, the matter shall be remanded to the Special Master for a determination of the amount of the fee award.  That determination will be reviewed by this district judge.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Department of Education, State of Hawaii v. Karen I., Civ. No. 08-00255 SOM/KSC; ORDER VACATING REPORT OF SPECIAL MASTER; ORDER DENYING MOTION FOR ATTORNEYS' FEES

10