IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEPARTMENT OF EDUCATION, State of Hawaii,<br><br>    Plaintiff-Appellant,<br><br>    vs.<br><br>KAREN I., in her capacity as parent and legal guardian of MARCUS I., a minor,<br><br>    Defendant-Appellee.<br>_____ | ) CIVIL NO. 08-00255 SOM-KSC<br>)<br>) REPORT OF SPECIAL MASTER<br>) RECOMMENDING THAT<br>) DEFENDANT'S RENEWED MOTION<br>) FOR ATTORNEYS' FEES BE<br>) DENIED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANT'S
RENEWED MOTION FOR ATTORNEYS' FEES BE DENIED

Before the Court is Defendant Karen I., in her capacity and legal guardian of Marcus I., a minor's ("Defendant") Nonhearing Motion for Award of Attorney's Fees ("Motion") [doc. no. 48], filed August 10, 2009. On August 24, 2009, Plaintiff Department of Education, State of Hawaii ("Plaintiff") filed its Opposition.  On August 28, 2009, Defendant filed a Statement of Consultation ("SOC").  Defendant submitted an amended SOC on September 11, 2009.

BACKGROUND

As the Court and the parties are familiar with

the history of this case, the Court will discuss only those facts bearing relevance to the instant Motion.

  Defendant initially filed a motion for attorneys' fees on April 24, 2009.  This Court, acting as Special Master, issued a Report recommending that the original motion for fees be granted, with the amount of fees to be determined following the submission of a supplemental declaration.  On July 29, 2009, Chief United States District Judge Susan Oki Mollway issued an Order Vacating Report of Special Master; Order Denying Motion for Attorneys' Fees ("Order").

  In the Order, Chief Judge Mollway granted Defendant leave to file a renewed motion for attorneys' fees, but articulated a number of requirements with which Defendant had to comply in filing the renewed motion.  Specifically, Chief Judge Mollway mandated that Defendant discuss 1) whether he is the "prevailing party" notwithstanding Judge Hifo's earlier order precluding relitigation of the issue of financial responsibility for Marcus' residential placement; 2)

whether the hearing officer's second order had the necessary judicial imprimatur required by <u>Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources</u>, 532 U.S. 598, 605 (2001); and 3) the impact of the settlement on the visitation issue after the hearing officer made his second decision. The Order additionally directed that the renewed motion comply with the Local Rules.

On August 27, 2009, the Court held a settlement conference in an attempt to resolve the outstanding attorneys' fees issues. The parties reached a tentative settlement subject to approval by the State Attorney General. The parties have since informed the Court that the settlement will not go through.

## DISCUSSION

In accordance with the Order, the Court will limit its discussion to whether Defendant is entitled to attorneys' fees. Having carefully reviewed the parties' submissions, the Court recommends that the district court DENY the instant Motion.

A.   <u>Defendant Failed to Comply with Local Rule 54.3</u>

Despite the fact that Chief Judge Mollway denied the original motion for fees and vacated the Report due to Defendant's failure to submit a SOC in connection with the previous motion, Defendant did not timely file his SOC.  Pursuant to Local Rule 54.3(b), the SOC was due on August 24, 2009.  Defendant did not file the SOC until August 28, 2009, four days later, and only <u>after</u> the Court advised counsel of the failure at the settlement conference.  Chief Judge Mollway made it very clear that the timely submission of a SOC is mandatory before the Court will consider an attorneys' fees motion.  <u>See</u> Order at 4.

Defense counsel believes, though erroneously, that he has provided the Court with a total of four SOCs: 1) one attached to the original fees motion; 2) a confidential settlement statement; 3) the SOC filed on August 28, 2009 following the settlement conference; and 4) the amended SOC.  <u>See</u> Def.'s Supplemental 4th Amended SOC.  As for the first SOC Defendant purportedly submitted (which was actually a letter

4

demanding fees), Chief Judge Mollway already ruled that it was "insufficient to comply with Local Rule 54.3(b)."  Order at 5.  She also highlighted Local Rule 54.3(b)'s requirement that the consultation occur <u>after</u> filing the motion for attorneys' fees, not before.  Thus, the letter does not constitute a SOC.  Even if it could be construed as a SOC, Local Rule 54.3(b) required Defendant to file a new SOC fourteen days after filing this renewed Motion, something he neglected to do.

At the settlement conference, defense counsel argued that the submission of Defendant's confidential settlement statement dispensed of the SOC requirement.  The Court disagrees and in fact informed counsel that his obligations under Local Rule 54.3 were neither excused nor held in abeyance as a result of the settlement conference and related filings.

Based on the foregoing, the Court finds that Defendant untimely submitted the SOC, which alone justifies this Court's recommendation that the district court deny the Motion.  However, in an abundance of

caution, the Court will also discuss other procedural and substantive deficiencies that support a denial of Defendant's Motion.

B.  <u>Defendant Failed to Fully Comply with the Order</u>

Not only did Defendant fail to timely submit a SOC, his counsel did not revise the time entries supporting the request for fees, and Defendant did not adequately, if at all, respond to Chief Judge Mollway's queries.

1.  <u>Time Entries</u>

Although the Court is not currently assessing the reasonableness of the fees requested, it must note that the time sheets submitted by Defendant do not fully comply with Local Rule 54.3(d).  Chief Judge Mollway ordered Defendant to comply with Rule 54.3(d)'s requirements, explaining that certain activity descriptions in the time sheets would not suffice as submitted.  Order at 5-6.  Yet the time sheets attached to the instant Motion are largely identical to those previously submitted, which Chief Judge Mollway reviewed and found to contain deficient descriptions.

Accordingly, Defendant has not fully complied with the Order.

    2.  <u>"Prevailing Party", Judicial Imprimatur, and Settlement Agreement</u>

Chief Judge Mollway ordered that Defendant include specific points of discussion in the renewed Motion.  Instead of responding to these clearly outlined inquiries, Defendant argued, in conclusory fashion, that he is the prevailing party and thus entitled to an award of attorneys' fees.

    a.  <u>"Prevailing Party" and Judicial Imprimatur</u>

The Order required Defendant to discuss whether he is the prevailing party notwithstanding Judge Hifo's order precluding relitigation of the issue of financial responsibility for Marcus' residential placement. Defendant asserts that the one issue before Judge Hifo was the financial responsibility for Marcus' residential placement.  However, rather than explaining the propriety of returning to the hearing officer following the order by Judge Hifo on this very issue, Defendant argues that he had an absolute right to a due

process hearing.[1]  He further asserts that only Deputy Attorney General Yashiro objected to a hearing on the housing issue.  Neither of these contentions are germane to or adequately address the question posed by Chief Judge Mollway - "should [Defendant] have pursued a second order by the administrative hearings officer . . . [and] can [he] be considered the 'prevailing party' when it may be that the hearing officer's second order should not have been entered at all."  Order at 2.

Defendant insists that he is the "prevailing party" under Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) because the hearings officer deemed him the "prevailing party."  What Defendant fails to recognize or acknowledge by so arguing is the ruling by Chief Judge Mollway in her Order Reversing Decision by the Administrative Hearing Officer ("Reversal Order") that the hearing officer should never have considered the issue of financial responsibility for residential

---

[1] Defendant discusses Judge Hifo's purported lack of jurisdiction over other issues, but the Court is not concerned with those issues.

placement after Judge Hifo entered her order.  It is disingenuous for Defendant to suggest that the hearing officer deemed him the "prevailing party" for the purpose of a fee award when the very ruling upon which Defendant relies was improperly secured by Defendant and has been found to be barred by claim preclusion.  Regardless, the inquiry is not whether the hearing officer in this case dubbed Defendant the "prevailing party," but whether Defendant achieved a judicially sanctioned material alteration of the legal relationship of the parties.

     In the context of the IDEA, the Ninth Circuit has adopted the definition of "prevailing party" articulated by the Supreme Court in <u>Buckhannon</u>, 532 U.S. 598 (2001).  <u>See</u> <u>Shapiro v. Paradise Valley Unified Sch. Dist. No. 69</u>, 374 F.3d 857, 865 (9th Cir. 2004) ("We therefore conclude that *Buckhannon*'s definition of 'prevailing party' applies to the IDEA's attorney's fees provision, 20 U.S.C. § 1415(i)(3)(B).").  After the <u>Buckhannon</u> decision, to be considered a prevailing party "a plaintiff must not

only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned." Id. (quoting Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003)) (internal quotation marks omitted); P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1173 (9th Cir. 2007) ("[A]lthough there may remain some uncertainty as to what might constitute a 'judicial imprimatur,' the existence of some judicial sanction is a prerequisite in this circuit for a determination that a [party] is a 'prevailing party' and entitled to an award of attorneys' fees as part of costs under the IDEA.").

A party need not succeed on all issues or even on what may be considered the "central" issue of the case. Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1035-36 (9th Cir. 2006). However, "a plaintiff is not the prevailing party if his or her success is purely technical or *de minimis*." Shapiro, 374 F.3d at 865. In sum, "[a] prevailing party is one who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the

suit. The success must materially alter the parties' legal relationship, cannot be *de minimis* and must be causally linked to the litigation brought." Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (internal quotation marks and citations omitted).

In the present case, Defendant is not the "prevailing party"[2] and is therefore not entitled to an award of attorneys' fees. He has not achieved a material alteration of the legal relationship between the parties. Judge Hifo's order did not alter the parties' legal relationship, nor did the Reversal Order.[3]

---

[2] Defendant did not provide a sufficient response or compelling legal argument to convince the Court otherwise, namely because he did not adequately respond to the requisite points of discussion set forth in the Order.

[3] The hearing officer's second order could be said to have materially altered the legal relationship between the parties. However, his order should never have been issued. Even assuming, *arguendo*, that the second order were proper, there remains the question of whether such an order would constitute "judicial imprimatur" as contemplated by Buckhannon and its progeny. Citing primarily out-of-district cases, Defendant maintains that the administrative orders satisfy the judicial imprimatur requirement. The Court

Given Defendant's failure to persuade the Court, much less offer any reasoned explanation, that he is the "prevailing party" notwithstanding Judge Hifo's order, the Court recommends that the district court deny the Motion.

b. <u>Settlement Agreement</u>

Chief Judge Mollway ordered Defendant to discuss the impact of the settlement of the visitation issue on the recovery of attorneys' fees; to submit a copy of an applicable settlement agreement; and to discuss whether the agreement contained any discussion of attorneys' fees. Defendant did not comply in any respect. He argues that monitoring or enforcing a settlement can be considered as part of the scope of representation for the purpose of attorneys' fees. Such an argument bears no relevance to Chief Judge Mollway's inquiry. Although Defendant attached a copy

---

is not persuaded. Defendant's conclusory arguments have not satisfactorily addressed whether the administrative second order had the necessary judicial imprimatur to support a finding that Defendant was the "prevailing party".

of a settlement agreement, see Mem. in Support of Mot., Ex. B, Plaintiff explains that the agreement is from a prior due process request, which has no connection to the present case. Whatever the case may be, Defendant did not discuss the content of the attached agreement and has wholly failed to address the Court's concerns.

Inasmuch as Defendant has neither complied with the Order nor the Local Rules, the Court recommends that the district court DENY the Motion.

## CONCLUSION

Based on the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that the district court DENY Defendant's Nonhearing Motion for Award of Attorney's Fees [doc. no. 48], filed August 10, 2009.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 21, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 08-00255 SOM-KSC; DOE V. KAREN I.; REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANT'S RENEWED MOTION FOR ATTORNEYS' FEES BE DENIED