IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | CIVIL NO. 08-00255 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER ADOPTING REPORT OF SPECIAL MASTER; ORDER DENYING |
| vs. | ) ) | MOTION FOR ATTORNEYS' FEES |
| KAREN I., in her capacity as parent and legal guardian of MARCUS I., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ADOPTING REPORT OF SPECIAL MASTER;
ORDER DENYING MOTION FOR ATTORNEYS' FEES

I.     INTRODUCTION.

This case is before this court on objections to a Report of Special Master ("Report") dated September 21, 2009, recommending that Marcus and Karen I. (collectively, "Marcus") be denied attorneys' fees incurred pursuing claims under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 to 1487 ("IDEA"), in an administrative proceeding and related appeals. Because Marcus has again failed to timely submit the required statement of consultation pursuant to Rule 54.3(b) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), and for the other reasons set forth in the well-reasoned Report, this court adopts the Report and denies Marcus's motion for attorneys' fees filed on August 10, 2009.

II.      BACKGROUND.

The underlying facts have been well documented in prior orders and pleadings. This court therefore discusses only those facts relevant to the instant motion. Marcus filed two requests for due process hearings. The hearing officer ruled that the Department of Education ("DOE") was financially responsible for Marcus's residential placement. Although the hearings officer had not ruled on every issue, the DOE appealed the residential placement issue to state court. On appeal, Judge Eden E. Hifo ruled in favor of the DOE on the residential placement issue and entered judgment stating that "all other claims, counterclaims, or cross-claims are dismissed without prejudice."

Despite Judge Hifo's determination that the DOE was not financially responsible for Marcus's residential placement, the hearing officer was again asked to rule on the issue. The hearing officer again ruled in favor of Marcus on the residential placement issue and also ruled in his favor on visitation and other smaller issues.

The DOE appealed the second ruling to state court, where the matter was again assigned to Judge Hifo. Marcus then removed the second appeal to this court. This court reversed the hearing officer's second order, ruling that the hearing officer had not given proper effect to Judge Hifo's prior determination

that the DOE was not financially responsible for Marcus's residential placement.

On April 24, 2009, Marcus moved for attorneys' fees pursuant to 20 U.S.C. § 1415(1)(3)(B).  On July 29, 2009, this court denied the motion because Marcus had failed to submit a written statement of consultation as required by Local Rule 54.3(b), and because Marcus had failed to submit sufficient documentation to support the amount of fees requested, as required by Local Rule 54.3(d).  This court also informed Marcus that a "letter demanding fees, without more, is not a 'good faith effort' at consultation" and therefore did not satisfy the requirements of the rule.  In addition, the order noted that the rule "requires the moving party to initiate consultation *after* filing the motion for attorneys' fees, not before[.]"  This court gave Marcus "leave to file a renewed motion for attorneys' fees that complies with the Local Rules and addresses the court's concerns . . . no later than August 10, 2009."

On August 10, 2009, Marcus renewed his motion for attorneys' fees.  Despite the denial of the first motion on the ground that Marcus had failed to file a written statement of consultation as required by Local Rule 54.3(b), Marcus did not timely file a statement of consultation with respect to his renewed motion for attorneys' fees.

3

On August 20, 2009, Marcus submitted a confidential settlement conference statement in preparation for a settlement conference that was to be held on August 27, 2009, before Magistrate Judge Kevin S.C. Chang.  That confidential settlement conference statement did not satisfy the statement of consultation requirements of Local Rule 54.3(b).

On August 28, 2009, Marcus filed an untimely statement of consultation, which he amended on September 11, 2009.

On September 21, 2009, Magistrate Judge Chang issued the present Report, recommending that Marcus's renewed motion for attorneys' fees be denied.  On October 13, 2009, Marcus filed objections to the Report.

III.   ANALYSIS.

Pursuant to Rule 53(f) of the Federal Rules of Civil Procedure, this court reviews de novo all objections to findings of fact and conclusions of law made or recommended by a special master.  Rulings by a special master on procedural matters, however, are reviewed for an abuse of discretion.  This court adopts the well-reasoned Report and denies the renewed motion for attorneys' fees.

> A.   The Renewed Motion for Fees is Denied Because Marcus Failed to Comply with the Procedures for Such a Motion.

Under Local Rule 54.3(b), a court

> will not consider a motion for attorneys' fees and related non-taxable expenses until

>           moving counsel shall first advise the court
>           in writing that, *after consultation, or good
>           faith efforts to consult*, the parties are
>           unable to reach an agreement with regard to
>           the fee award or that the moving counsel has
>           made a good faith effort, but has been
>           unable, to arrange such a conference. . . .
>           The moving party shall initiate this
>           consultation *after* filing a motion for
>           attorneys' fees and related non-taxable
>           expenses.  The statement of consultation
>           shall be filed and served by the moving party
>           *within fourteen (14) days after the filing of
>           the motion*.

(Emphases added.)

        Marcus's first motion for attorneys' fees was denied because Marcus had failed to comply with Local Rule 54.3(b). With respect to his renewed motion for attorneys' fees, Marcus has again failed to comply with Local Rule 54.3(b), as Marcus has again failed to timely submit a statement of consultation. Because Marcus filed the renewed motion for attorneys' fees on August 10, 2009, the statement of consultation was due on August 24, 2009.  However, Marcus did not file his statement of consultation until August 28, 2009, four days after the deadline. That reason alone justifies this court's adoption of the Report and denial of the motion.

        Marcus initially argues that, despite his failure to timely submit a statement of consultation, he complied with the requirements of Rule 54.3(b) because he submitted a confidential settlement conference statement to the court on August 20, 2009. Marcus says that his settlement conference statement set forth

the following: "(i) Mr. Bassett has discussed settlement of the attorney's fees issue with Deputy Attorney General Yashiro on numerous occasions [since the first motion for fees was filed on April 24, 2009]; (ii) after July 29, 2009, when the Court denied Defendant's first motion, Mr. Yashiro offered 'a couple of grand.'" Marcus also notes that, on or about August 7, 2009, he "reduced the request for fees to $27,165 and asked Mr. Yashiro to make a counter-offer." This court is not persuaded that the confidential settlement conference statement meets Local Rule 54.3(b)'s statement of consultation requirements.

　　　　Marcus's settlement conference statement does not establish that he *consulted in good faith* with opposing counsel *after* he filed the motion for attorneys' fees. All of the communications that Marcus refers to in his settlement conference statement appear to have occurred prior to August 10, 2009, the date on which he filed his renewed motion for attorneys' fees. Because Marcus's settlement conference statement does not demonstrate that he made "good faith efforts to consult" with opposing counsel *after* filing the motion for attorneys' fees, the statement does not satisfy the requirements of Local Rule 54.3(b). Those requirements were clearly designed to have the parties discuss in good faith a motion for attorneys' fees after the motion was filed. The procedure allows the parties to settle matters that have been framed by the motion. Because Marcus

fails to establish why he should not have to follow Local Rule 54.3(b), his renewed fee motion is denied.

To the extent Marcus argues that Bothelho v. State, 2009 WL 1838336 (D. Haw., June 18 2009), supports his position that he complied with Rule 54.3(b), this court rejects that argument because Botelho is distinguishable on its facts. In Botelho, the plaintiffs filed a motion for attorneys' fees but not a statement of consultation. Id. at *1. After the magistrate judge assigned to the case had recommended that the motion for attorneys' fees be granted, the defendants moved for reconsideration, arguing that the motion should be denied because the plaintiffs had failed to file a statement of consultation. Id. The magistrate judge denied the reconsideration motion, ruling that, because both the plaintiffs and the defendants had indicated that attempts to settle the matter would be futile, the plaintiffs were not going to be required to submit a statement of consultation, which has as its purpose the preservation of judicial and party resources by allowing the parties to reach an agreement on a request for fees. Id. Unlike Botelho, settlement of the attorneys' fees issue here was possible. In fact, it is the court's understanding that the parties had, subject to certain state approval(s), settled the fee issue. Here, timely compliance with Local Rule 54.3(b) may have made a difference with respect to settlement of the issue.

The court notes that, on August 28, 2009, Marcus purported to file an untimely statement of consultation. This document did not satisfy Local Rule 54.3(b), as it merely stated that Marcus had served his confidential settlement statement and that, on August 27, 2009, the parties were able to conditionally settle the attorneys' fee issue. Local Rule 54.3(b) required the parties to diligently attempt to settle the issue within fourteen days of the filing of the motion. Marcus did not move for an extension of time or otherwise explain his lack of diligence, other than to reassert that his confidential settlement statement should count as a statement of consultation.

>    B.   Even If the Court Reached the Merits of The Renewed Motion for Fees, It Would Be Denied.

The first motion for fees was woefully inadequate. Had the court not ruled that it was procedurally barred, the motion would have been denied because it did not sufficiently demonstrate an entitlement to attorneys' fees. When the court gave Marcus leave to file a renewed motion for attorneys' fees, the court told Marcus what its concerns about the fee motion were. In the renewed fee motion, Marcus implies that the court improperly aided the DOE by "sua sponte" raising these issues and conducting discovery. However, the court did not set forth its concerns in an attempt to help the DOE. To the contrary, the court's questions were asked so that both parties could aid and educate the court via the orderly briefing process.

For the reasons set forth in the well-reasoned Report pertaining to the merits of the motion, the Report is adopted and Marcus's renewed fee motion is denied.  Marcus has not demonstrated that he is entitled to fees as the "prevailing party" or that the second order had the necessary "judicial impimatur" required by Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 605 (2001).  This court attempted to give Marcus an opportunity to explain why he should have been allowed to go forward with the second due process hearing before getting clarification of Judge Hifo's order.  Marcus argues that, because the initial state-court judgment only reversed the hearing officer, he was allowed to relitigate the residential placement issue.  At best, Marcus then says that the hearing officer entered his second order before Judge Hifo clarified her ruling.  The problem with this argument is that it does not explain why the second due process hearing went forward at all.  Moreover, before the hearing officer issued the second order on April 11, 2008, Judge Hifo had orally clarified that she had meant to grant summary judgment against Marcus and in favor of the DOE on the residential placement issue.  See Transcript of Proceedings, Civ. No. 06-1-2204-12 EEH (Apr. 9, 2008).  Under these circumstances, the court is not satisfied that Marcus should be considered to have prevailed on the merits.  The court is also not convinced that

9

the hearing officer's second order had the necessary "judicial imprimatur" even after this court reversed it.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 20, 2009.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

Department of Education, State of Hawaii v. Karen I., Civ. No. 08-00255 SOM/KSC; ORDER ADOPTING REPORT OF SPECIAL MASTER; ORDER DENYING MOTION FOR ATTORNEYS' FEES